**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL WIGGINS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-4417** |
| | : | |
| **JEFFERSON EINSTEIN HOSPITAL** | : | |

# MEMORANDUM

**KEARNEY, J.** **August 4, 2026**

A former employee settled his claims against his employer in December 2022 resulting in in an early 2023 settlement payout. He now returns with this fourth complaint still suing his former employer claiming ambiguity or mistake in the 2022 settlement agreement. He sued in state court claiming his employer improperly deducted federal taxes from his early 2023 payout even though he admits his former employer is obligated to withhold taxes from wages. The former employer is forced to again hire counsel and then remove his latest state court filing to our Court and again move to dismiss. The former employee does not contest the motion to dismiss. We grant the employer's uncontested motion requiring we dismiss these precluded claims with prejudice. We also grant the former employee leave to show cause why we should not bar him from bringing further actions challenging the tax withholding from his early 2023 settlement payout until he first exhausts the defined administrative challenges with the Internal Revenue Service and if necessary, sues the United States.

## I. Facts

Michael Wiggins sued his former employer, Jefferson Einstein Hospital, over seven years ago asserting: (1) unlawful retaliation under Title VII; (2) breach of promissory

estoppel/detrimental reliance; and (3) breach of contract.[1] Mr. Wiggins and the Hospital settled the case in December 2022.[2] The Hospital paid Mr. Wiggins the settlement amount in early 2023.[3]

***Mr. Wiggins repeatedly sued the Hospital over federal taxes withheld from his settlement payout.***

Mr. Wiggins sued the Hospital one year later in state court alleging it wrongfully withheld $12,000 in "federal taxes" from the early 2023 settlement payout.[4] The Hospital timely removed.[5] The Hospital moved to dismiss Mr. Wiggins's Complaint.[6] Mr. Wiggins timely filed a first amended Complaint.[7] The Hospital moved to dismiss and sought sanctions against Mr. Wiggins.[8] Chief Judge Goldberg granted the Hospital's Motion to dismiss and denied its request for sanctions on May 16, 2024.[9]

Mr. Wiggins timely appealed Chief Judge Goldberg's Order.[10] Our Court of Appeals affirmed Chief Judge Goldberg's Order.[11] Mr. Wiggins moved for reconsideration and rehearing.[12] Our Court of Appeals denied Mr. Wiggins's Motion in January 2025.[13] Our Court of Appeals directed Mr. Wiggins to file a claim or refund or credit with the Internal Revenue Service and then, if necessary, sue the United States for denying him a refund or credit.[14]

Mr. Wiggins moved to reopen his case more than ten months later and attached a second amended Complaint.[15] We denied Mr. Wiggins's motion on October 31, 2025.[16] Mr. Wiggins sued the Hospital again on November 12, 2025, asserting similar claims regarding the taxation of his settlement payout.[17] The Hospital moved to dismiss the de facto third amended Complaint.[18] Mr. Wiggins withdrew this third case on February 19, 2026.[19]

***Mr. Wiggins again sues the Hospital.***

Mr. Wiggins waited a little over three months and then again sued the Hospital in the Philadelphia Court of Common Pleas on May 28, 2026 asserting similar claims regarding the federal taxes withheld from the early 2023 settlement payout.[20] The Hospital timely removed.[21]

Mr. Wiggins claims: (1) "Contract Reformation;" (2) "Fraudulent Performance;" and (3) "Fraudulent Misrepresentation."[22] Mr. Wiggins again complains about the amount of taxes withheld from his 2023 settlement payout.[23]

## II. Analysis

The Hospital moves to dismiss Mr. Wiggins's fourth lawsuit challenging its withholding of federal taxes from his early 2023 setttlement payout.[24] It argues Mr. Wiggins's Complaint warrants dismissal because (1) his claims are barred by *res judicata*; (2) his claims are barred by the statute of limitations; and (3) he fails to state a claim.[25] The Hospital also seeks to preclude Mr. Wiggins from filing similar lawsuits in the future.[26] Mr. Wiggins did not respond.

We dismiss Mr. Wiggins's claims with prejudice as barred by *res judicata*. We grant Mr. Wiggins leave to show cause why we should enjoin him from suing the Hospital regarding the taxes taken from his 2023 settlement payout. Mr. Wiggins has not shown he exhausted his administrative remedies as explained to him years ago. We dismiss today's latest case with prejudice.

### A. *Res judicata* bars Mr. Wiggins's claims.

The Hospital argues we should dismiss Mr. Wiggins's duplicative claims because Mr. Wiggins filed claims against the Hospital four separate times for the same relief concerning the withholding of federal tax from his settlement check.[27] We, Chief Judge Goldberg, and our Court of Appeals repeatedly told Mr. Wiggins he may not sue his employer for withheld federal taxes because the law requires a filed claim for refund or credit with the Internal Revenue Service and then, if necessary, suing the United States. Mr. Wiggins has shown he followed these explicit instructions as he sues the Hospital for the fourth time based on the same underlying dispute. We dismiss Mr. Wiggins's claims with prejudice as barred by *res judicata*.

*Res judicata*, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same cause of action as an earlier suit.[28] A party seeking to invoke *res judicata* must establish: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[29] "In evaluating whether those elements exist, we do not proceed mechanically but focus on the central purpose of the doctrine to require a party to present all claims arising out of the same occurrence in a single suit."[30] *Res judicata* bars not only claims brought in a earlier action but also claims which could have been brought.[31]

The first two elements are satisfied because Mr. Wiggins's 2023 lawsuit before Chief Judge Goldberg involved a final judgment on the merits in a suit between the same parties. The parties in the 2023 litigation and our current case are identical. Chief Judge Goldberg issued a final judgment on the merits when he dismissed Mr. Wiggins's claims against the Hospital.[32] Our Court of Appeals affirmed Chief Judge Goldberg's Order.[33]

We turn to the third element: whether Mr. Wiggins's present lawsuit is based on the "same cause of action" as his 2023 lawsuit. We take a broad view of whether suits are based on the same cause of action.[34] We assess whether Mr. Wiggins's claims in this case stem from "all or any part" of the events underlying the 2023 action.[35] Even if a second suit alleges new or different events, it is still based on the same cause of action if the new allegations seek recovery for essentially the same wrongful conduct or a single course of wrongful conduct.[36] We ask whether the material facts alleged in each suit were the same, and whether the party would adduce the same evidence from the same witnesses and documents to prove the allegations.[37]

Mr. Wiggins's current suit is based on the same cause of action as his earlier lawsuit fully addressed by Chief Judge Goldberg. Mr. Wiggins again complains about the taxes taken from his

early 2023 settlement payment. He disputes the amount withheld for taxes. Mr. Wiggins repeats the same arguments: ambiguity in the settlement agreement, extrinsic evidence, the doctrine of mutual mistake, and contract reformation to challenge the tax withholding. This case is squarely within the same cause of action as the 2023 lawsuit.

We dismiss all of Mr. Wiggins's claims before us today with prejudice as barred by *res judicata*.[38]

**B. We grant Mr. Wiggins leave to show cause why we should not enjoin him from filing suit challenging the tax withholding on the 2023 settlement payment.**

The Hospital again requests sanctions against Mr. Wiggins preventing him from filing further cases against the Hospital or its related entities for issues arising from the 2022 settlement agreement and the early 2023 settlement payout.[39]

Congress allows us to enjoin "abusive, groundless, and vexatious litigation."[40] Our Court of Appeals instructs us not to "restrict a litigant from filing claims absent exigent circumstances," like a "litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."[41] We "must give notice to the litigant to show cause why" we should not issue the proposed injunctive relief.[42] We must narrowly tailor the injunction to fit the particular circumstances of the case before us.[43]

We find the requirements for prefiling injunctive relief are seemingly met for Mr. Wiggins. He filed four cases disputing the amount of taxes withheld from his settlement payout. Chief Judge Goldberg dismissed Mr. Wiggins's claims about this dispute over two years ago. Our Court of Appeals affirmed Chief Judge Goldberg's dismissal. We denied Mr. Wiggins's motion to reopen his case. We, Chief Judge Goldberg, and our Court of Appeals have repeatedly told Mr. Wiggins he may not sue his former employer for withheld federal taxes because the law requires him to file a claim for refund or credit with the Internal Revenue Service and then, if necessary, sue the United

States. Mr. Wiggins continues to sue the Hospital seeking the same relief. Mr. Wiggins's repetitive and excessive filings seemingly constitute an abuse of the judicial process and may warrant a limited prefiling injunction.

Second, an injunction can remain narrowly tailored to ensure Mr. Wiggins's right to access the courts. We could not deny Mr. Wiggins the opportunity to assert claims. We are only granting Mr. Wiggins leave to show cause as to why we should not enjoin cases challenging his tax withholding from the 2023 settlement payout as he must exhaust his administrative remedies with the Internal Revenue Service and if necessary, sue the United States.

We preserve Mr. Wiggins's due process rights by today granting him leave to show cause why we should not enter the prefiling injunction against him.

## III. Conclusion

We grant the Hospital's uncontested motion. We dismiss Mr. Wiggins's claims with prejudice. We grant Mr. Wiggins leave to show cause as to why we should not bar him from filing further claims in federal court until he exhausts the remedies repeatedly detailed to him to challenge his tax withholding.

---

[1] ECF 1-6 ¶ 1; *see also* No. 19-2656.

[2] No. 19-2656, ECF 54.

[3] No. 24-51, ECF 5.

[4] No. 24-51, ECF 1-1.

[5] *Id.*, ECF 1.

[6] *Id.*, ECF 3.

[7] *Id.*, ECF 5.

[8] *Id.*, ECF 9.

[9] *Id.*, ECF 11.

[10] *Id.*, ECF 12.

[11] *Wiggins v. Jefferson Einstein Hosp.*, No. 24-2095, 2024 WL 5074894, at *1 (3d Cir. Dec. 11, 2024).

[12] No. 24-2095, Nos. 31, 35.

[13] No. 24-2095, Nos. 33, 39.

[14] *Wiggins*, 2024 WL 5074894, at *2.

[15] No. 24-51, ECF 19.

[16] *Id.*, ECF 21.

[17] No. 25-6429, ECF 2.

[18] *Id.*, ECF 11.

[19] *Id.*, ECF 12.

[20] ECF 1-6.

[21] ECF 1. Chief Judge Beetlestone reassigned Mr. Wiggins's case to us. ECF 10.

[22] ECF 1-6 ¶¶ 14–35.

[23] *Id.* ¶¶ 2–3.

[24] ECF 9.

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

[25] *Id.* at 8–14.

[26] *Id.* at 14–18.

[27] ECF 9 at 8–10.

[28] *Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790, at *2 (3d Cir. Sept. 8, 2021).

[29] *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

[30] *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)) (internal quotations omitted).

[31] *Id.*

[32] No. 24-51, ECF 11. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(5) is a judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

[33] No. 24-2095.

[34] *Crimone v. McCabe Weisberg & Conway*, P.C., 737 F. App'x 107, 109–10 (3d Cir. 2018) (citing *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999)).

[35] *Id.* at 110.

[36] *Id.* (citing *Churchill*, 183 F.3d at 195).

[37] *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009).

[38] We find no need to address the Hospital's arguments concerning the statute of limitations and failure to state a claim because *res judicata* bars all of Mr. Wiggins's claims.

[39] ECF 9-1 at 14–18.

[40] *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *See also* 28 U.S.C. § 1651(a).

[41] *Brow*, 994 F.2d at 1038.

[42] *Id.*

[43] *Id.*